Lamara POGOSIAN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71131.
Agency No. A76–357–417.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2005.*

Decided Feb. 14, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Areg Kazaryan, Law Office of Areg Kazaryan, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Norah Ascoli Schwarz, Esq., Cindy S. Ferrier, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: NOONAN, THOMPSON, and HAWKINS, Circuit Judges.

### MEMORANDUM **

Lamara Pogosian appeals the Board of Immigration Appeals' (BIA) adverse credibility determination and resulting denial of asylum and withholding. Pogosian alleges that the inconsistencies in her testimony were minor and thus not sufficient to support an adverse credibility determination. Pogosian also alleges that the BIA committed error by not considering sua sponte whether she qualified for protection pursuant to the Convention Against Torture (CAT). We deny the petition, but stay our mandate for 90 days to allow a petition to the BIA with respect to the CAT.

We review the IJ's decision because the BIA affirmed summarily. *See Khup v. Ashcroft*, 376 F.3d 898, 902 (9th Cir.2004). The IJ gave a number of legitimate bases for disbelieving Pogosian's testimony and supported them with specific examples. Pogosian's account showed internal inconsistencies as to matters that should be easily recalled. Pogosian's account also conflicted with the country conditions reports in ways that go to the heart of her credibility. Pogosian has not presented any corroborating evidence that could support her account and thereby rehabilitate her credibility.

We stay the mandate for ninety days from the date this memorandum is filed to allow petitioner the opportunity to file a motion to reopen with the BIA, as to Pogosian's Convention Against Torture claim. *See Khourassany v. INS*, 208 F.3d 1096, 1100 (9th Cir.2000); *Ortiz v. INS*, 179 F.3d 1148, 1152–53 (9th Cir.1999).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

